## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## SOUTHERN DIVISION

FILED _____ ENTERED
_____ LODGED _____ RECEIVED

**MAY 29 2001**

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

|  |  |
|---|---|
| **RICARDO ELLIOTT,** | ) |
| **Plaintiff,** | ) |
| **v.** | ) **Case No. AMD-00-2977** |
| **SAFEWAY INC.,** | ) |
| **Defendant.** | ) |

FILED _____
_____ LODGED _____ ENTERED
_____ RECEIVED

MAY ... '001

CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

### STIPULATION AND PROTECTIVE ORDER

Defendant, Safeway, Inc. ("Safeway"), and Plaintiff, Ricardo Elliott ("Mr. Elliott"), by counsel, hereby enter into and submit for the Court's approval, this Stipulation and Protective Order, as follows:

1.    All documents, portions thereof, and information produced in response to interrogatories, requests for production or requests for admission, or used in depositions, designated by any party as containing matters in which Safeway employees or former employees, including Mr. Elliott, have a personal privacy interest, shall be deemed to be confidential information, unless discovered by subpoena from a non-party obtained in the public domain by a party without violation of this Stipulation and Protective Order, or determined by the Court (or a Magistrate Judge, if applicable) to be otherwise.  Such information shall include, but not be limited to, information defined as confidential under Fed. R. Civ. P. 26(c)(7), individual employee names when connected to confidential information, and employment histories, positions, promotions, demotions, transfers, performance evaluations and goals, salaries, increases, bonuses, discipline, counseling and personal information, not generally

known outside of the Safeway employment setting by entities and individuals not generally familiar with Safeway personnel matters. Such documents and information are hereinafter referred to as "confidential information."

2.      To the extent that any party seeks access in this litigation to confidential information, and wishes to have copies made of documents or information contained therein which constitute confidential information, the parties agree to the following procedures:

a. Plaintiff, his attorney or his representatives will have access to records relevant to this litigation, including, but not limited to, those that reveal qualifications, job history, prior employment history, performance evaluations and goals, salary history, race, sex, date of birth, dates of employment and employment status. Plaintiff, his attorney or his representatives will not have access to other file information such as employment verification forms, reference checks, credit checks, and medical information except when clearly relevant to this litigation in specific instances.

b. To the extent Plaintiff, his attorney or his representatives wish to have copies made of any of the personnel and other file materials contained in individual files, it is agreed that information relating to personal matters, including, but not limited to, home address, home telephone number, information on next of kin, social security number and information on credit and banking, will be redacted by Defendant in the copying process.

c. For hearing or trial testimony and argument, Plaintiff and Defendant will devise, with the approval of the Court, appropriate procedures for the protection of confidential information in such testimony and argument.

- 2 -

3.     Confidential information shall be used solely for the purpose of conducting this litigation in good faith and not for any business, personal or other purpose whatsoever. Confidential information may be disclosed to the following persons only:

a.  Attorneys of record for all parties in the case and their associated lawyers, their legal assistants, and their secretarial and clerical employees, who are actually engaged in assisting them in this litigation;

b.  Outside experts, including but not limited to expert witnesses, consultants, economists, statisticians, and their clerical assistants who are actually engaged in assisting the attorneys of record in the preparation or conduct of this litigation, but only upon the execution by such person, prior to such disclosure, of an affidavit in the form annexed hereto as Attachment A, which affidavit shall be retained by the attorney of record for the party that discloses such confidential information; and

c.  Plaintiff and any deposition witness to whom, in the judgment of an attorney of record, disclosure of such material is required in order to assist such attorney in the preparation or the conduct of this litigation, but only upon the signature by such person, prior to such disclosure, of an affidavit in the form attached hereto as Attachment A, which affidavit shall be retained by the attorney of record for the party that discloses such confidential information.

d.  A deponent who, by virtue of his or her position as a Safeway employee, has access to or knowledge of such confidential information, in the course of his or her deposition.

4.     Confidential information shall be kept in a secure file cabinet when not in use, and access to same shall be given only to the attorneys of record described above and their

- 3 -

associated lawyers, their legal assistants, and their secretarial and clerical employees who are actually engaged in assisting them in this litigation.

5.    Whenever materials subject to the confidentiality order (or any pleading, motion or memorandum referring to them) are proposed to be filed in the court record under seal, the party making such filing agrees to simultaneously submit a motion and accompanying order which includes: (a) proposed reasons supported by specific factual representations to justify the sealing; and (b) an explanation why alternatives to sealing would not provide sufficient protection.  Any confidential information that is filed with the Court shall be filed in a sealed envelope with the notation thereon, "Contains Confidential Materials – To Be Opened Only Pursuant to Protective Order."  The envelope shall not be opened or its contents disclosed (other than to the Court in camera) unless and until an Order of the Court, entered after notice to the parties, directs otherwise.

6.    A deponent shall be permitted to examine any portion of the transcript of his or her deposition (including exhibits) that contains confidential information prior to signing the deposition transcript, but shall not be permitted to retain a copy of any confidential information. Unless counsel for the parties agree otherwise in a specific instance, all transcripts of depositions in which material designated confidential pursuant to this Stipulation and Protective Order has been disclosed, shall also be deemed confidential information for 30 days after receipt, during which time portions thereof may be designated as confidential information, to be treated thereafter as set forth in this Stipulation and Protective Order.

7.    With respect to any document or information contained therein claimed to be covered by this Stipulation and Protective Order, any party to this litigation seeking to challenge particular designations of confidentiality may file a motion with the Court (or a Magistrate

Judge, if applicable), asserting that such material is not properly designated confidential information and, therefore, is not subject to the terms of this Stipulation and Protective Order. The burden shall remain on the party seeking confidentiality to justify it under Fed. R. Civ. P. 26(c).

8.    Nothing in this Stipulation and Protective Order shall diminish the existing rights and responsibilities of the parties and other persons involved in this litigation with respect to the protection of confidential information, as defined herein or otherwise.    Nothing in this Stipulation and Protective Order shall be construed to preclude a party from waiving, in writing or on the record, provisions set forth herein in specific instances to expedite this litigation. Nothing in this Stipulation and Protective Order shall be construed to preclude any party to this litigation from seeking and obtaining additional protection from the Court (or a Magistrate Judge, if applicable) with respect to the treatment of documents or other material covered by this Stipulation and Protective Order.

9.    Upon termination of this litigation by settlement or final judgment, the attorneys of record for each party receiving confidential information shall assemble and return to the party originally furnishing such information all documents containing confidential information, except that one copy of materials constituting the work product of attorneys of record, or of any other person designated in Federal Rule of Civil Procedure 26(b)(3), even though such work product describes or quotes from confidential information in a manner that would otherwise compromise the confidentiality of the returned materials, may be retained by each party's attorney(s) of record.  Such copy is to be kept in a secure file cabinet, as described in Paragraph 4 above.

10. Upon termination of this litigation by settlement or final judgment, attorneys for Plaintiff and Defendant shall permit the Clerk to destroy any sealed material that is filed with the Court.

AGREED TO FORM AND CONTENT:

_____          Date: _5/31/01_____
H. Vincent McKnight (Bar No. 14749)
Ashcraft & Gerel
2000 L Street, N.W.
Suite 400
Washington, DC  20036

Attorney for Plaintiff Ricardo Elliott

_____          Date: _5/25/01_____
Littler Mendelson, P.C.
Joseph P. Harkins (Bar No. 14007)
Maria A. Perugini (Bar No. 12161)
1225 I Street, N.W.
Suite 1000
Washington, DC  20005

Attorneys for Defendant Safeway Inc.

SO ORDERED:

_____          Date: _5/31/2001_____
Andre M. Davis
U.S. District Judge

- 6 -

**ATTACHMENT A**

**AFFIDAVIT**

State/District of _____ )
                           )
County/City of _____ )          SS:


    1.    My name is _____.

I live at _____.
                                   (state position)

I am employed as _____.

by _____.
                (state name and address of employer)

    2.    I am aware that the parties have stipulated to a Protective Order regarding the confidentiality of information and documents produced by the parties in Ricardo Elliott v. Safeway Inc., Civil Action No. AMD 00-2977, in the United States District Court for the District of Maryland, Southern Division. A copy of the Protective Order has been given to me.

    3.    I promise that documents and information given confidential treatment under the Protective Order will be used by me only in testifying and/or assisting counsel in preparing for and conducting the litigation of the above-referenced case and not for any business, personal or other purposes whatsoever.

    4.    I understand that any use by me of documents or information given confidential treatment under the Protective Order, or any portion or summaries thereof, in any manner contrary to the provisions of the Protective Order will subject me to the sanctions of the Court.


                                  _____
                                        (signature)

Subscribed and sworn to
Before me this _____ day of
_____, 2001